

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 29, 1992

Honorable John Whitmire
Chairman
Committee on Intergovernmental
 Relations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-146

Re: Whether the San Antonio Metropolitan Health District may limit public access to and charge a search fee for locating birth and death records which are made public by the Open Records Act   (RQ-355)

Dear Senator Whitmire:

You ask whether municipal health districts may limit public access to and charge a search fee for locating birth and death records. We understand that your request is prompted by the response of the San Antonio Metropolitan Health District (the "municipal health district") to a citizen's request for birth and death records. Apparently, the municipal health district's registrar of vital statistics responded that birth records over 50 years old and death records over 25 years old which are maintained by the municipal health district are not available for public inspection in the interest of preservation. He also advised the citizen that the municipal health district charges a search fee of $9.00 per record request, which includes a certified copy of the record. In essence, you ask if the municipal health district's policies are consistent with the Texas Open Records Act, V.T.C.S. article 6252-17a.

Section 3(a) of the Open Records Act exempts various types of information from public disclosure. Birth records over 50 years old and death records over 25 years old are not among the categories of excepted information.[1]   The Open

---

[1]Section 3(a)(15) excepts the following information from public disclosure:

> (15) birth and death records maintained by the Bureau of Vital Statistics of
> the Texas Department of Health, except that:

Records Act provides for the inspection and/or copying of public records. *See* V.T.C.S. art. 6252-17a, §§ 4, 4A, 5, 9, 13. Under the Open Records Act, requestors of public records generally may elect to inspect or pay for copies of the records, or both. *See* Attorney General Opinion JM-757 (1987) at 4; Open Records Decision Nos. 512 (1988); 152 (1977). This is not the end of our analysis, however, because the availability of birth and death records is also extensively regulated by title 3 of the Health and Safety Code and regulations promulgated thereunder. *See* Health & Safety Code chs. 191-95; 25 T.A.C. § 181.1 *et seq.*

Pursuant to chapter 191 of the Health and Safety Code, the Texas Department of Health (the "department") is authorized to establish and supervise a bureau of vital statistics, to appoint the director of the bureau of vital statistics (the state registrar), and to establish a statewide system of vital statistics. Health & Safety Code §§ 191.002, 191.003, 191.004. The Texas Board of Health is authorized to adopt rules necessary for collecting, recording, transcribing, compiling, and preserving vital statistics. *Id.* § 191.003; *see also id.* § 191.004 (authorizing the state

---

(footnote continued)

> (A) a birth record is public information and available to the public on and after the 50th anniversary of the date on which the record is filed with the Bureau of Vital Statistics or local registration official.

> (B) a death record is public information and available to the public on and after the 25th anniversary of the date on which the record is filed with the Bureau of Vital Statistics or local registration official.

Access to birth records under 50 years old and death records under 25 years old maintained by the Bureau of Vital Statistics is governed by the Department of Health. Pursuant to regulations promulgated by the Department of Health, such records are available only to "properly qualified applicants," and are not available to the general public. *See* 25 T.A.C. § 181.1 (defining a "properly qualified applicant").

It is not clear whether the section 3(a)(15) exemption for birth records under 50 years old and death records under 25 years old applies to such records maintained by local registration officials, as opposed to the Bureau of Vital Statistics. Two different bills, S.B. 973 and H.B. 1285, dealing with section 3(a) (15), were enacted by the 71st Legislature. The publisher of Vernon's Annotated Statutes printed a version of section 3(a)(15) which combines the two bills. *See* Open Records Decision No. 596 (1991) at 5, n.6. We need not resolve this issue, however, because birth records over 50 years old and death records over 25 years old maintained by local registration officials are either expressly made available to the public by virtue of subsections (A) and (B) of section 3(a)(15), if section 3(a)(15) applies to such records, or by virtue of the Open Records Act itself, if section 3(a)(15) does not apply.

registrar to prepare and issue detailed instructions to ensure perfect system of registration). Section 191.0045 of the Health and Safety Code authorizes the bureau of vital statistics to charge fees for providing services to the public, including performing searches of birth and death records and preparing and issuing copies and certified copies of such records. *Id.* § 191.0045(a). It also authorizes the bureau of vital statistics to prescribe a schedule of fees for vital statistics services, with the condition that "[t]he aggregate of the amounts of the fees may not exceed the cost of administering the vital statistics system." *Id.* § 191.0045(b).

Subchapter B of chapter 191 establishes a system of local registrars who are required to secure records of births and deaths within their jurisdictions, and to maintain copies of such records. *Id.* § 191.026. The state registrar has supervisory power over local registrars "[t]o ensure uniform compliance with this title . . . ." *See id.* § 195.002. The state registrar is also authorized to issue detailed instructions to local registrars regarding the maintenance of vital statistics records. *See id.*; *see also id.* § 191.004 ("The state registrar shall prepare and issue detailed instructions necessary for the uniform observance of this title and the maintenance of a perfect system of registration"). Section 191.026(c) of the Health and Safety Code requires local registrars to permanently preserve records "in the manner directed by the state registrar." A local registrar commits a class C misdemeanor if he or she "fails, neglects, or refuses to perform a duty under this title or under instructions and directions of the state registrar given under this title." *Id.* § 195.004(c). The municipal health district's registrar of vital statistics is the local registrar for the City of San Antonio.

Pursuant to its authority under title 3 of the Health and Safety Code, the department has issued regulations which govern the availability of birth records over 50 years old and death records over 25 years old. *See* 25 T.A.C. § 181.1 *et seq.* These regulations provide that birth records over 50 years old and death records over 25 years old are not available to the public for physical inspection in the interest of preservation of the records. 25 T.A.C. § 181.10(b)(1). They also set forth a detailed fee schedule which provides that the bureau of vital statistics shall charge a fee of $9.00 for a search for any record regardless of whether a certified copy is issued. 25 T.A.C. § 181.22(d). This fee includes the cost of one copy of the record requested. *Id.* There is a $2.00 surcharge for searching and issuing certified copies of birth records. *Id.* § 181.22(o); *see also* Health & Safety Code § 191.0045(e).

Pursuant to his authority under section 191.004 of the Health and Safety Code, the state registrar has issued the Bureau of Vital Statistics Manual for Local Registrars (hereinafter "Manual") which governs the accessibility of vital statistics records in the hands of local registrars. It provides in pertinent part:

> An individual requesting records which fall under the open records act must identify the record requested. No reason for the request need be presented. However, they must give enough information in order for the record to be properly searched and identified. Just because the record falls under the open records act does NOT mean that the books themselves are open for persons to thumb through. The Registrar is still responsible for the integrity and preservation of the record. Once the record is located, a plain copy or certified copy will be made and given to the individual making the request.
>
> . . . .
>
> Standard fees shall be charged for all services rendered as published by the Board of Health and the Bureau.

Manual, IV. ADMINISTRATIVE DIRECTIONS, D., at U9-10 (emphasis in original).

As noted above, it is the position of the municipal health district's registrar of vital statistics that birth records over 50 years old and death records over 25 years are not available for public inspection in the interest of preservation and may be obtained only upon payment of a $9.00 search fee. This position is consistent with the foregoing regulations and the Manual as they apply to local registrars. Indeed, the Manual together with the regulations *require* local registrars to prohibit physical access to these records and to charge a fee for searching for them. *See id.*; 25 T.A.C. §§ 181.10(b)(1), 181.22. Thus, we must determine whether the state registrar's instructions to local registrars are inconsistent with the Open Records Act. We conclude that they are not.

This office has generally held that statutes which govern access to specific information prevail over the generally applicable Open Records Act. *See, e.g.*, Open Records Decision Nos. 598 (1991); 478 (1987); 451 (1986). While birth records over 50 years old and death records over 25 years old are not exempt from disclosure

under the Open Records Act and must be made available to the public, title 3 of the Health and Safety Code and the regulations promulgated thereunder govern more specifically *how* these particular records are to be made available to the public. Thus, we conclude that these requirements prevail over the more general Open Records Act provisions regarding inspection and copying of public records. *See* V.T.C.S. art. 6252-17a, §§ 4, 4A, 5, 9, 13; *see also* Attorney General Opinions MW-163 (1980) (Open Records Act cost provisions do not repeal fee schedules for copies established by other statutes); H-560 (1975) (same).[2]

## S U M M A R Y

The San Antonio Municipal Health District Registrar of Vital Statistics, a local registrar under section 191.022 of the Health and Safety Code, cannot allow inspection of original birth records over 50 years old and death records over 25 years old. While such records are not excepted from disclosure under the Open Records Act, the local registrar is required to provide copies and to charge a fee, by virtue of the Health and Safety Code, title 3, which governs vital statistics records, and regulations and instructions promulgated thereunder, 25 T.A.C. ch. 181; Bureau of Vital Statistics Manual for Local Registrars.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[2]The informal letter opinion of this office dated June 13, 1991, (ID# 11385), concluding that a person requesting access to a 1935 death certificate from a county clerk may elect to inspect the record rather than pay for a copy of it is overruled to the extent it is inconsistent with this opinion. We note that in some cases, county clerks are local registrars within the meaning of title 3 of the Health and Safety Code. *See* Health & Safety Code § 191.022(a).

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General